UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEROME LENORDA POWELL, II,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SEATTLE, et al.,<br><br>    Defendant. | Case No. C22-423-JCC-MLP<br><br>ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND |

## I.   INTRODUCTION

Plaintiff Jerome Lenorda Powell, II, is incarcerated at the Regional Justice Center in Kent, Washington. Plaintiff, who is proceeding *pro se* and *in forma pauperis*, has filed a proposed civil rights complaint pursuant to 42 U.S.C. § 1983. (Dkt. # 6-1.) Plaintiff alleges police officers used excessive force against him. (*Id.*) Plaintiff names the City of Seattle, the Seattle Police Department, and five unnamed John Does as Defendants. (*Id.* at 1, 3.) The Court has screened Plaintiff's complaint and identified deficiencies that Plaintiff must cure before the Court will order service. The Court thus declines to order that the complaint be served, and grants Plaintiff leave to file an amended complaint.

## II. BACKGROUND

Plaintiff alleges that on December 31, 2013, he was walking along a street when police officers began chasing him and then, when he jumped into a lake, tased him, nearly drowning him. (Dkt. # 6-1 at 4-7.) Plaintiff alleges severe emotional and mental harm as a result. (*Id.* at 5, 9, 10.) Plaintiff alleges claims against the Seattle Police Department and the City of Seattle for excessive force in violation of the Fourth Amendment to the U.S. Constitution. (*Id.* at 4.) He also alleges claims against the City of Seattle for negligent hiring, supervision, and training, and attempted murder claims against the Seattle Police Department. (*Id.* at 8-9.) Plaintiff seeks monetary damages and a no-contact order with the police officers who tased him. (*Id.* at 11.)

## III. DISCUSSION

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a

plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691–94 (1978). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).

### 1. Statute of Limitations

In this case, Plaintiff's complaint is deficient because it appears that the claims asserted therein are likely barred by the statute of limitations. For claims brought under 42 U.S.C. § 1983, federal courts apply the forum state's statute of limitations governing personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261 (1985). Thus, the applicable limitations period for Plaintiff's claims is three years. RCW 4.16.080(2). Although state law provides the applicable limitations period, federal law determines when the cause of action accrues. *See Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1998) (citing *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994)). Under federal law, a claim accrues when the plaintiff knows, or should have known, of the injury which is the basis of the cause of action. *Fink*, 192 F.3d at 914.

The claims Plaintiff alleges in his complaint are based on events that occurred in December 2013. Plaintiff filed this action on April 2, 2022. (Dkt. # 1.) Any intended claims pertaining to alleged misconduct that occurred prior to April 2, 2019, are barred by the statute of limitations.

### 2. Defendants City of Seattle and the Seattle Police Department

Plaintiff names the Seattle Police Department as a Defendant. However, Washington courts have made clear that city or county departments are not legal entities subject to suit. *See*

*City of Seattle v. Dutton*, 147 Wash. 224, 226 (1928) (City of Seattle liable for acts of negligence committed by Department of Parks because department "is not an entity separate and apart from the city"); *Nolan v. Snohomish Cty*, 59 Wash. App. 876, 883 (1990) ("in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued"). The Seattle Police Department is an entity of Seattle and, as such, is not a proper defendant. *See Nolan*, 59 Wash. App. at 883.

Plaintiff also names the City of Seattle as a Defendant. Plaintiff may sue a municipality or local government unit, like Seattle, under § 1983; however, Plaintiff must identify a municipal or county "policy" or "custom" that caused his injury, which he does not do in his complaint. *Bd. of the Cnty. Comm'rs of Bryant Cty v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694). Plaintiff cannot hold a municipality liable under § 1983 solely because it employs a tortfeasor. *Monell*, 436 U.S. at 691-94.

### 3. Unnamed Defendants

Plaintiff also identifies five unnamed John Does as Defendants. However, this Court cannot serve a complaint on unnamed parties. To obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that a particular named defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold*, 637 F.2d at 1355; *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). A plaintiff must also set forth specific facts showing a causal connection between each defendant's actions and the harm allegedly suffered by plaintiff. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Unnamed persons cannot be served with process in this matter until they are identified by their real names. Therefore, unless and until Plaintiff can name an individual defendant or defendants, this lawsuit cannot be served on the unnamed John Doe Defendants.

### 4. Leave to File an Amended Complaint

The Court declines to order that Plaintiff's complaint be served. Plaintiff may file an amended complaint curing the above-noted deficiencies within **thirty (30) days** of the date on which this Order is signed. The amended complaint must carry the same case number as this one. If no amended complaint is timely filed, the Court will recommend the dismissal of this action.

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992). Thus, any amended complaint must clearly identify the defendant(s), the constitutional claim(s) asserted, the specific facts which plaintiff believes support each claim, and the specific relief requested.

The Clerk is directed to send Plaintiff the appropriate forms so that he may file an amended complaint and to send copies of this order to the parties and to the Honorable John C. Coughenour. The Clerk is further directed to note this matter on the Court's calendar for **June 24, 2022**.

Dated this 24th day of May, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge